UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JUAN M. HERNANDEZ,

        Plaintiff,

   v.

UNITED STATES OF AMERICA,

        Defendant.

CAUSE NO.   1:19-CR-69 DRL
1:21-CV-303

### OPINION & ORDER

Juan Hernandez filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He says his attorney (1) pushed him to sign a plea agreement that was never reviewed; (2) misrepresented the possible sentencing guideline range to induce the plea agreement; (3) never attempted to develop trial defenses; (4) omitted mitigating sentencing information; and (5) failed to test the methamphetamine. The court now denies the petition.

### BACKGROUND

On August 28, 2019, the government charged Mr. Hernandez with distributing marijuana (count one), two counts of distributing methamphetamine (counts two and three), and possession with intent to distribute a controlled substance (count four). The case was originally assigned to Judge Holly Brady and then reassigned to this presiding judge on September 4, 2019.

On January 22, 2020, the government filed a signed plea agreement. On February 12, 2020, Mr. Hernandez pleaded guilty to count two of the indictment before Magistrate Judge Paul Cherry. Magistrate Judge Cherry authored a report recommending that the court accept the plea. When more than fourteen days elapsed with no objection, the court adopted the report and recommendation and accepted the guilty plea. Mr. Hernandez never moved to withdraw his plea.

On August 7, 2020, the court sentenced Mr. Hernandez to 262 months in prison. Mr. Hernandez appealed. The court of appeals permitted trial counsel to withdraw and appointed Mr. Hernandez appellate counsel. Appellate counsel asserted that Mr. Hernandez's appeal was frivolous and moved to withdraw. Mr. Hernandez was given time to respond and present argument to show his conviction or sentence was invalid. He didn't respond, so his appeal was dismissed.

On August 9, 2021, Mr. Hernandez filed this § 2255 petition claiming ineffective assistance from his trial counsel. The government opposes his petition.

STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-567 (7th Cir. 2005). The writ of habeas corpus is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to habeas relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the entire record, the motion, and other files. The court should hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). He must do this through a detailed sworn affidavit—a threshold requirement to an evidentiary hearing. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific aren't good

enough. *Machiroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show that the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

Mr. Hernandez argues his trial counsel was constitutionally ineffective. The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel. It includes the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). This same two-part test applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The performance prong is satisfied if counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Courts "presume that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). The court needn't address the performance prong if the defendant remains unable to prove the prejudice prong. *Strickland*, 466 U.S. at 697; *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010).

When someone challenges a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To satisfy the prejudice prong then, Mr. Hernandez "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* He must do more than allege that he would have insisted on going to trial but must

3

come forward with objective evidence that he would not have pleaded guilty. *See United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (citing *Berkey v. United States*, 318 F.3d 768, 772-73 (7th Cir. 2003)). Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations. *See Julian v. Bartley*, 495 F.3d 487, 499-500 (7th Cir. 2007).

A presumption of verity attaches to a defendant's statements during a guilty plea. *Hutchings*, 618 F.3d at 699. Statements at a plea hearing are made under oath, so the court is "generally justified in discrediting the proffered reasons for the motion . . . and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quotations and citation omitted). A "defendant who knowingly and voluntarily enters a guilty plea admits not simply that he committed the acts charged in the indictment; it is an admission that he committed the crime charged against him." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quotations and citation omitted). The court's colloquy can "'ameliorate the adverse impact of his counsel's misinformation.'" *Hutchings*, 618 F.3d at 699 (quoting *Moore v. Bryant*, 348 F.3d 238, 243 (7th Cir. 2003)). A court should "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

In an unsworn petition, Mr. Hernandez makes many vague and conclusory allegations. First, he says his trial counsel neglected to review the plea agreement before Mr. Hernandez signed it. Mr. Hernandez presents no evidence of this. This claim also contradicts his sworn statement at his plea hearing. He testified before the magistrate judge that he had enough time to discuss his case and the plea agreement with his lawyer [ECF 61 at 5] and that he was satisfied with trial counsel's representation in every way [*id.*].

Second, Mr. Hernandez says trial counsel intentionally misrepresented the possible sentencing guideline range to induce Mr. Hernandez to sign the plea agreement. He submits letters from trial

counsel. In one letter dated December 20, 2019, trial counsel advised Mr. Hernandez that with a plea agreement he "would receive approximately 41-51 months of incarceration," and without a plea agreement his "guideline range would be 92 to 115 months" [ECF 69-2]. Later still, in a letter dated May 19, 2020, trial counsel commiserated with Mr. Hernandez because of the "uncertainty" of his sentence [ECF 69-3]. Counsel explained that the government would not offer a binding plea deal [id.]. Albeit, this letter came after Mr. Hernandez's guilty plea. Mr. Hernandez's guideline range—later calculated by the presentence report and the court—was 262 to 327 months.

To be sure, the early calculation disparity in 2019 raises the eyebrows, not least when the charge to which Mr. Hernandez was pleading guilty carried a statutory minimum sentence of ten years (120 months). But his plea agreement clearly explained this statutory minimum and, out of the gate, apprised him then that his counsel's past estimates about potential sentencing ranges could not be on the mark. In addition, he was twice informed that his charge required a sentence of not less than ten years and not more than life [ECF 61 at 12-13, 17]. He said he understood [id.]. He could not then be relying on old estimates that were less than ten years.

There is more. At his plea hearing, Mr. Hernandez also disavowed that anyone pressured him to plead guilty [id. 15]. He said no promises, assurances, or predictions were made that caused him to plead guilty [id.]. Indeed, he testified that his trial counsel never made any promises or predictions about his sentence [id. 15-16]. He clarified that he didn't know what his sentence would be—"No I don't." [id. 16]. He had no questions about the possible penalties after they were explained [id. 13, 17]. He said he committed the crime: "I sold more than 50 grams [of methamphetamine] to a confidential source." [id. 23]. The factual basis for his guilty plea was replete [id. 21-25].

"Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). A defendant's incorrect belief as to his sentence alone is insufficient to warrant relief.

*United States v. Redmond*, 667 F.3d 863, 872-73 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008); *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003). To be sure, trial counsel should make a good faith estimate of a sentence. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). That said, a "mistake about the substantive offense goes to the heart of the guilty plea; a mistake about the possible sentence—especially when the defendant has been warned that the judge will determine the sentence based on information collected by the probation office and at any sentencing hearing—does not." *Bowlin*, 534 F.3d at 660.

The court may hold Mr. Hernandez to his admissions during his plea hearing—cloaked as they are with a strong presumption of veracity. *See United States v. Weathington*, 507 F.3d 1068, 1072 (7th Cir. 2007). Mr. Hernandez testified that he knew the court would determine his sentencing range only at sentencing, that his sentence could be higher than even the sentencing guidelines might recommend, that the sentence could be higher than perhaps he might expect, that the court could sentence him up to the statutory maximum (life), and that he would still be bound by his guilty plea [ECF 61 at 14-15, 18, 20-21]. *See Bowlin*, 534 F.3d at 660. He said no one's prediction influenced him [*id.* 15], thereby eliminating any reasonable finding today that a past letter from counsel influenced his decision to plead guilty or caused prejudice. *See United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) (defendant "has not established that he would not have pleaded guilty had counsel acted differently"). He does not even assert in his petition that he would have foregone a guilty plea. *See Cieslowski*, 410 F.3d at 359; *Hill*, 474 U.S. at 59. The court's colloquy advised him of the consequences of pleading guilty and clearly remodeled any old estimate from his trial counsel. Mr. Hernandez's sworn testimony demonstrates that there was no adverse impact from trial counsel's miscalculation; and any impact was undone by the plea colloquy in any event. *See Hutchings*, 618 F.3d at 699. Mr. Hernandez knowingly and voluntarily pleaded guilty. *See Torzala*, 545 F.3d at 521. His contradicting statements today don't warrant habeas corpus relief.

Third, Mr. Hernandez says his counsel was ineffective because he never developed trial defenses and directed Mr. Hernandez instead to develop his own defense. Mr. Hernandez points to a letter dated December 9, 2019—about two months before he pleaded guilty. In this letter, trial counsel wrote: "If you elect not to sign the agreement, could you detail to me in writing what defenses you wish me to present during the jury trial?" [ECF 69-1]. Mr. Hernandez argues that counsel never attempted to develop a defense based on this letter.

This letter proves nothing more than trial counsel sought Mr. Hernandez's input on possible trial defenses. To say this letter reflects counsel's refusal to develop any defense reads far too much between the lines. It is common and sound practice to collaborate with and elicit input from the client so that counsel may present legitimate defenses. This letter isn't evidence of deficient performance. Furthermore, Mr. Hernandez presents no possible defenses in his petition that trial counsel should have developed or advanced, so falls short of demonstrating any prejudice. *See Hill*, 474 U.S. at 59. This then isn't a basis for habeas relief.

Fourth, Mr. Hernandez argues that trial counsel neglected to present mitigating 18 U.S.C. § 3553(a) arguments until after he pleaded guilty. The timing seems misunderstood in the petition because § 3553(a) arguments would naturally not be made until after someone has pleaded guilty (or been found guilty) and faces sentencing. Trial counsel filed a timely sentencing memorandum and presented argument at the hearing. For instance, trial counsel detailed Mr. Hernandez's cooperation with law enforcement, the impact of drugs on his life, his future goals, his lack of gang involvement, his good health, education, and past employment [ECF 52; ECF 62 at 25-27]. Counsel objected to the drug premises enhancement under the sentencing guidelines. Counsel also made a policy argument requesting the court utilize a lower methamphetamine mixture guideline [*id.*]. Mr. Hernandez has not shown how these arguments were deficient or how counsel's performance prejudiced him, much less any arguments that counsel should have made but didn't. *See Berkey*, 318 F.3d at 772 (petitioner "must

7

establish specific acts or omissions of his counsel that constitute ineffective assistance"). This argument is thus not a basis for habeas corpus relief. *See Strickland*, 466 U.S. at 694.

Mr. Hernandez also argues that trial counsel was ineffective because he didn't present mitigating information about his past vehicle-related offenses and didn't investigate whether he was in fact under a criminal justice sentence when he committed his federal offense. The latter is not a basis for habeas corpus relief because Mr. Hernandez plainly was under a criminal justice sentence when he committed his federal offense. As to the former, Mr. Hernandez never explains what mitigating information or past offenses he means. That again leaves his request for an evidentiary hearing or habeas corpus relief untenable, particularly when he has ten previous convictions for vehicle-related offenses—four (out of five) of which received one criminal history point given the cap in U.S.S.G. § 4A1.1(c). *See Berkey*, 318 F.3d at 772. Such vague and conclusory statements warrant neither an evidentiary hearing nor habeas corpus relief.

Even were the court to construe this petition quite liberally to mean that counsel should have challenged or objected to some of the point allocations for Mr. Hernandez's past vehicle-related convictions because he pleaded guilty or received a sentence the same day, and even were the court to view this argument as preserved and not procedurally defaulted, *see Torzala*, 545 F.3d at 522, his argument falls short of demonstrating any deficient performance by counsel or prejudice. These offenses resulted in separate arrests, on separate dates, from separate conduct. They were charged separately. They are separate offenses, including under the sentencing guidelines. *See* U.S.S.G. § 4A1.2(a)(2) ("[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest").

Fifth, Mr. Hernandez argues (albeit only in his reply brief) that trial counsel should have independently tested the methamphetamine. It is well established that arguments raised for the first time in the reply brief are waived. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011).

Though Mr. Hernandez is a *pro se* litigant, he is not spared from this longstanding rule. *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998). The argument nonetheless falls flat in establishing ineffective assistance of counsel. The substance was tested to be methamphetamine. He never explains what retesting would show.

No hearing is necessary based on these vague and conclusory allegations and for the reasons already stated. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020). Nor is there cause to appoint counsel. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967).

The court must also consider whether to grant a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c). When a petition is dismissed on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, based on unsworn, vague, and conclusory allegations in ready contrast to discrediting sworn statements at the plea hearing, and given the substantive deficiencies in the petition's arguments, reasonable jurists could not debate this ruling.

CONCLUSION

Accordingly, the court DENIES Mr. Hernandez's motion to vacate his sentence [ECF 69] and DENIES a certificate of appealability. This order terminates the civil case [Cause No. 1:21cv303].

SO ORDERED.

February 10, 2022                                    *s/ Damon R. Leichty*
                                                     Judge, United States District Court